# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES,<br>    *Plaintiff*,<br><br>v.<br><br>GISEL DE LA CRUZ,<br>    *Defendant*. | No. 3:17-cr-150-3 (VAB) |

**RULING AND ORDER ON MOTION FOR SENTENCE REDUCTION**

Gisel De La Cruz ("Defendant") moves for a sentence reduction under the First Step Act under 18 U.S.C. § 3582 and a modification to her sentence. Mot., ECF No. 435 (Nov. 25, 2019) ("Mot.").

For the following reasons, the motion for a sentence reduction is **DENIED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On May 23, 2018, Ms. De La Cruz pled guilty to conspiracy to distribute and to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(i) (Count One); and encouraging and inducing an alien to illegally come to, enter and reside in the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) (Count Thirty Three). Plea Agreement, ECF No. 216 (May 23, 2018).

On October 4, 2018, the Court sentenced Ms. De La Cruz to a term of imprisonment of 66 months on Count One and 6 months on the Count Thirty Three, to be served consecutively. Judgment, ECF No. 308 (Oct. 4, 2018). She was also sentenced to a four-year term of supervised release and a special assessment of $200.

On November 25, 2019, Ms. De La Cruz moved for a reduction of sentence and a judicial recommendation regarding RCC placement. Mot. at 1.[1]

## II. STANDARD OF REVIEW

Enacted in 2018, "Section 404 of the First Step Act authorizes application of Sections 2 and 3 of the Fair Sentencing Act to defendants who were sentenced for crack cocaine offenses committed prior to August 3, 2010." *United States v. Jamel Williams ("J. Williams")*, No. 03-CR-795, 2019 WL 3842597, at *2 (E.D.N.Y. Aug. 15, 2019). The Fair Sentencing Act in 2010 "'reduced [future] statutory penalties for cocaine base[] offenses' in order to 'alleviate the severe sentencing disparity between crack and powder cocaine.'" *United States v. Bobby Medina*, No. 3:05-cr-58, 2019 WL 3769598, at *3 (D. Conn. July 17, 2019) (*United States v. Sampson*, 360 F. Supp. 3d 168, 169 (W.D.N.Y. Mar. 13, 2019)); *see also* Fair Sentencing Act of 2010, Pub. L. No. 220; 124 Stat. 2372.

"Specifically, section 404 of the First Step Act permits 'a court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.'" *United States v. Lawrence Williams ("L. Williams")*, No. 03-CR-1334, 2019 WL 2865226, at *2 (S.D.N.Y. July 3, 2019) (quoting First Step Act § 404).

"The First Step Act does not mandate sentence reductions for defendants" who are eligible for relief. *United States v. Glore*, 371 F. Supp. 3d 524, 527 (E.D. Wis. Mar. 6, 2019). Instead, "it leaves to the court's discretion whether to reduce their sentences." *Id.; see also United States v. Rose*, 379 F. Supp. 3d 223, 233 (S.D.N.Y. May 24, 2019) ("Congress clearly

---

[1] RCC stands for "Residential Re-Entry Center." *Rodriguez v. Smith*, 541 F.3d 1180, 1181 (9th Cir. 2008). A Residential Re-Entry Center ("RRC") "is a form of community corrections placement." *Bernard v. Roal*, 716 F. Supp. 2d 354, 356 (S.D.N.Y. 2010).

intended relief under § 404 of the First Step Act to be discretionary, as the Act specifically provides that '[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section.'") (quoting First Step Act, § 404(c)).

### III. DISCUSSION

Ms. De La Cruz requests that the Court make a "Judicial Recommendation of ten months RRC and a modification of her sentence." Mot. at 1. She contends that the Second Chance Act and the First Step Act "instruct[] that an inmate's placement in RRC should be of sufficient duration to provide the greatest likelihood of successful integration in the community." *Id.* (citing 18 U.S.C. § 3624(c)(6)(C)). Ms. De La Cruz points to her rehabilitation efforts while incarcerated, including her classification "as a low custody level[;]" participation in programs like Job Fair Interview, Social Media, Dress for Success, Financial Recovery, Residential Drug Treatment ("RDAP"); and enrollment in private classes in Beauty at Stratford Institute. *Id.* She notes that "she is a low level offender with a low recidivism [sic][, and] [i]t is more than likely that she will never return to Prison and will finish her probation without incident." *Id.* Ms. De La Cruz also argues for a modification of her sentence under the First Step Act. *Id.*

The Government has not responded.

#### A. First Step Act

Section 404(a) of the First Step Act defines a "covered offense" as a "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." First Step Act § 404(a). Eligibility for relief under the First Step Act turns not on whether a conviction, even if it incorporates several violations of criminal statutes, may be construed as a whole as a "covered offense," but whether there is a conviction of a violation of a

criminal statute for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act.

Ms. De La Cruz seeks relief from the First Act for violations of federal law which occurred in 2016 and 2017. Her underlying conviction is too recent to qualify as a covered offense under the First Step Act. *See United States v. Henderson*, 15 Cr. 487-18 (GBD), 2019 WL 1460402, at *1 (S.D.N.Y. Mar. 18, 2019) (a conviction for participation in a conspiracy between 2014 and 2015 was ineligible for sentence reduction under the First Step Act).

Accordingly, her motion is denied as to the First Step Act.

### B. RRC Placement

The Bureau of Prisons ("BOP") has the authority to "designate the place of [a] prisoner's imprisonment," 18 U.S.C. § 3621(b), and to alter the conditions of confinement and release. 18 U.S.C. § 3621(b)(5). The Second Chance Act doubled the maximum pre-release placement period from six to twelve months, required the BOP to make RRC placement decisions on an individual basis and to ensure that "the duration of the RRC placement period gives the inmate the greatest likelihood of successful community reintegration." *Owusu-Sakyi v. Terrell*, No. 10-CV-507, 2010 WL 3154833, at *2 (E.D.N.Y. Aug. 9, 2010). "When an eligible prisoner successfully completes drug treatment, the Bureau [of Prisons] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001); *see also* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.").

While the BOP may consider the sentencing court's recommendation, "the district judge's views are not controlling." *United States v. Pineyro*, 112 F.3d 43, 35 (2d Cir. 1997). Ms. De La Cruz asks the Court to reconsider its sentencing recommendation based on her participation in programs while incarcerated, including RDAP, and obtaining her diploma. Mot. Notwithstanding her steps towards rehabilitation and her argument that "further imprisonment is punitive[,]" Ms. De La Cruz, however, was sentenced in 2018. Even including the time she was incarcerated before sentencing, Ms. De La Cruz still has at least three more years of time to serve. RRC is available "within the last 12 months of an inmate's custody term in accordance with the Second Chance Act." *Owusu-Sakyi*, 2010 WL 3154833 at *2; *see also Dadaille v. Terrell*, No. 09-cv5036, 2010 WL 1930267, at *3 (E.D.N.Y. May 10, 2010) (district court found a BOP Memoranda which stated eligibility for consideration to transfer to an RRC begins seventeen to nineteen months prior to release).

To the extent Ms. De La Cruz seeks a reduction or modification of her sentence through the Second Chance Act, her motion is **DENIED**. To the extent Ms. De La Cruz seeks a recommendation to RRC, her motion is **DENIED, without prejudice**.

IV. **CONCLUSION**

For the reasons explained above, the Court **DENIES** the motion for sentence reduction.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of February, 2020.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge